NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

LOUIS SPIEWAK, PETITIONER, v. CAMPBELL SOUP COM-
PANY, RESPONDENT.

For the petitioner, *Howard L. Miller.*

For the respondent, *Crawford Jamieson.*

\*   \*   \*   \*   \*   \*   \*

The petitioner claimed that he suffered from a hernia arising out of and in the course of his employment with the respondent about May 6th, 1927. The respondent denied that the petitioner suffered a compensable hernia in that—*firstly,* the petitioner was not prostrated and required to cease work immediately; *secondly,* that there was no severe pain in the hernia region; and *thirdly,* that the descent of the hernia did not immediately follow the cause.

The petitioner testified that he felt a pain in his stomach and in his leg above the knee, and that immediately after feeling this pain he sat down for ten minutes. He then testified that he went to the company nurse and told her that he had a pain in his stomach. He then went back to his foreman and asked to go home and the foreman sent him back to the nurse. Instead of going back to the nurse he went up on the roof of the plant and laid down for two and one-half hours until his usual quitting time—four-thirty P. M. The petitioner admitted reading and signing a statement which contradicts the part of his testimony about feeling a severe pain suddenly and about stopping work immediately and about sitting down after he felt the pain.

Dr. Lock, of Philadelphia, testified on behalf of the petitioner that he first saw the boy at six P. M., May 6th, 1927, and that the boy had a hernia.

A boy named Tozzi testified on behalf of the petitioner that he was a fellow-employe and that he saw Spiewak attacked with the pain. He testified in a direct examination that upon seeing the boy in apparent pain he went to him and did his work for him while the boy sat down. On a cross-examination, Tozzi said that the place where he worked in the plant was two or three hundred feet away from the place where Spiewak was working. He further testified that he first went to help Spiewak at one-thirty P. M., and that he assisted him to lift several cages between one-thirty and one-fifty, the latter being the exact time that sudden pain was felt, according to Tozzi and Spiewak. Tozzi further testified that he helped Spiewak lift two cages between one-fifty and two o'clock.

Thomas Harrison, foreman for the Campbell Soup Company and having supervision over the petitioner, testified that at no time during the day of May 6th, 1927, did he see Spiewak prostrated. He did recall that the boy approached him on that date and told him that he felt sick and he sent the boy to the nurse. The boy went to the nurse and came back again saying he felt sick and wanted to go home. He further testified that he then told the boy that if he wanted to go home, to go back to see the nurse.

Mr. Monroe, acting referee in the workmen's compensation bureau, testified that when he interviewed the petitioner at an informal hearing, the boy told him that he first felt a slight pain in his stomach and continued to work for an hour after that time.

After carefully examining the evidence in this case, I find that the petitioner has not proved that he was prostrated and compelled to cease work immediately after an accident and therefore dismiss the petition without costs to either party.

CHARLES E. CORBIN,
*Deputy Commissioner.*